■ DANIEL CRANE, Respondent, v PAUL SCOTT et al., Appellants.—In an action *inter alia* to dissolve a partnership between plaintiff and defendant Paul Scott, to set aside certain real property deeds and for an accounting, defendants appeal (1) as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County, dated November 21, 1974 and made after a nonjury trial, as (a) denied defendant Paul Scott a credit, as a contribution to the partnership, for the value of an interest in a mortgage assigned by defendant Shari Scott to plaintiff; (b) denied Paul Scott credit for an alleged contribution of approximately $8,000 towards the purchase price of certain real property owned by the partnership; and (c) did not charge plaintiff with the receipt of $5,000 in partnership funds which he invested in a corporation named Saddle Tree Estates, Inc.; and (2) from an order of the same court, dated December 17, 1974, which denied their motion for a new trial and appointment of an auditor. Judgment modified, on the law and the facts, by deleting the sixth and seventh decretal paragraphs thereof. As so modified, judgment affirmed insofar as appealed from and the case is remitted to Special Term for a recomputation of the contributions made to the partnership by plaintiff and defendant Paul Scott, and for the entry of an appropriate amended judgment in accordance with such computation. Order affirmed on the opinion of Special Term. Defendants are awarded one bill of costs to cover both appeals. Special Term erred in holding that the assignment by Shari Scott to plaintiff of her junior participation interest in a second mortgage on premises at 315 West 113th Street, New York City, was intended as collateral security for moneys advanced by plaintiff to the partnership, the Scott-Crane Company. The evidence at the trial established, and we now hold, that, while Paul Scott originally contemplated a pledge of the mortgage interest as collateral security, he was dissuaded from this course by his lawyer, and an outright assignment of all Shari Scott's right title and interest in the mortgage was thereafter made to plaintiff personally as a means of matching plaintiff's contributions to the partnership. The delivery of the assignment to plaintiff, his possession of it, his receipt of payments directly from the mortgagor, and his attempted sale of the mortgage interest to a third party indicate, without doubt, that he treated it as his own property and not as a pledge to secure his contributions to the partnership. The fact that the assignment was made by Shari Scott, who was not a member of the partnership, is not a bar to holding that it constituted a means of matching plaintiff's contributions. The assignment was made to plaintiff for the benefit of Paul Scott and we view it as the consideration for a valid third-party beneficiary contract which may be enforced by Paul Scott (*Lawrence v Fox*, 20 NY 268). The value of the mortgage interest at the time it was assigned to plaintiff should be charged against his contributions to the partnership. In addition, the trial court should have charged plaintiff with the receipt of an additional $5,000 from the sale of the Coram property. Plaintiff invested these partnership moneys in a corporation named Saddle Tree Estates, Inc., and he testified that this corporation was owned by himself and Paul Scott equally. We note that this assertion is controverted by plaintiff's own financial statement in which he claims 100% ownership of Saddle Tree Estates and by the fact that no stock certificates or other indicia of ownership were produced to prove Paul Scott's interest therein. In any case, resolution of the question of ownership of Saddle Tree Estates is not necessary on this

appeal. The proof is absolutely clear that Saddle Tree Estates was not an asset of the Scott-Crane Company. The partnership agreement requires that all partnership properties be listed on a schedule annexed to the agreement. Saddle Tree Estates is not so listed. The evidence is thus clear that plaintiff unilaterally undertook to divert and invest partnership funds in an enterprise not owned by the partnership and, therefore, he should be charged personally with the receipt of the funds. The $7,800 which defendant Paul Scott claims was contributed by him towards the purchase price of the Southgate property was obtained from a bank account held in plaintiff's name. Scott testified, and plaintiff denied, that plaintiff owed him this money for services rendered in several real estate transactions. The question was thus purely one of credibility, and the determination of the trier of the facts, who saw and heard the witnesses, that the money belonged to plaintiff, should not be disturbed (*Amend v Hurley,* 293 NY 587, 594; *Barnet v Cannizzaro,* 3 AD2d 745, 747). Rabin, Acting P. J., Hopkins, Martuscello, Brennan and Munder, JJ., concur.